**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ALAN THIBAULT

      Plaintiff,                             Case No.

-vs-                                              Hon.

EDWARD WIERSZEWSKI,
individually and in his official
capacity as a Public Safety Officer

      Defendant.
_____/

Ari Kresch (P29593)
Solomon M. Radner (P73653)
1-800-LAW-FIRM, PLLC
Attorneys for Plaintiff
26700 Lahser Rd., Suite 400
Southfield, MI  48033
(248) 291-9719
sradner@1800lawfirm.com
_____/

*There is no other pending or resolved civil action*
*between these parties arising out of the same*
*transaction or occurrence alleged in this complaint.*

**COMPLAINT**

      NOW COMES the Plaintiff, ALAN THIBAULT, by and through his

attorneys ARI KRESCH,  SOLOMON M. RADNER and 1-800-LAW-FIRM,

PLLC, and for his Complaint against the above named Defendant states as follows:

1

## PARTIES

1. Plaintiff ALAN THIBAULT (hereinafter, "Mr. Thibault") is a resident of the County of Monroe, State of Michigan.

2. Upon information and belief, EDWARD WIERSZEWSKI (hereinafter "Defendant Wierszewski") is a resident of the County of Wayne, State of Michigan, and at all times relevant to this Complaint, was employed as a public safety officer by the Grosse Pointe Farms Police Department, and is being sued individually and in his official capacity.

3. Defendant Wierszewski was acting under the color of state law at all times pertinent to this lawsuit.

4. At the time the events alleged in this Complaint occurred Defendant Wierszewski, was not acting in the furtherance of any legitimate governmental function. Furthermore, Defendant Wierszewski's illegal and unconstitutional actions were intentional torts. As such, Defendant is not entitled to the defense of governmental immunity.

5. At the time the events alleged in this Complaint occurred, Defendant was violating Mr. Thibault's clearly established Constitutional Rights and Defendant's actions were clearly unreasonable and illegal. As such,

Defendant Wierszewski is not entitled to the defenses of either qualified or governmental immunity.

## JURISDICTION AND VENUE

6. This action is brought pursuant to 42 U.S.C. § 1983, as well as the Fourth and Fourteenth Amendments to the Constitution of the United States and jurisdiction is appropriate in Federal District Court under 28 U.S.C. § 1331.

7. Venue is appropriate in the Eastern District of Michigan, Southern Division under 28 U.S.C. § 1391(b) since the substantial part of the events that led to this Complaint occurred in said Judicial District.

## FACTUAL ALLEGATIONS

8. During the early morning hours December 5, 2014, Mr. Thibault was driving a semi-truck in his course of employment, traveling Northwest on Moross Ave., on his way to make a delivery to the Wendy's restaurant located at 18800 Mack Avenue in Grosse Pointe Farms, MI.

9. Mr. Thibault began to make turn left onto Public Rd., when he saw what he believed to be a "no trucks" sign. Respecting the signage, he straightened the truck back onto Moross, and in the process of doing so, his truck's trailer clipped the middle median.

10. Just as he had clipped the median, Mr. Thibault observed two police cars traveling past him in the opposite direction, and he correctly assumed they were going to stop him to inquire about what had just happened, so he activated his hazard lights and began to slow down to park his truck on the side of the road.

11. Immediately thereafter, Defendant Wierszewski and an unknown officer made U-turns and pulled behind Mr. Thibault's truck and activated their emergency lights.

12. Defendant Wierszewski then approached Thibault, still inside his truck, and immediately began questioning him about any possible alcohol or drug use, all of which Mr. Thibault politely and respectfully denied.

13. Mr. Thibault then attempted to explain why he did not continue the turn onto Public Rd., but Officer Wierszewski did not care to listen to the explanation and asked him to step out of the truck so he could search him for alcohol, drugs and weapons, and to conduct a field sobriety test, all of which Mr. Thibault immediately consented to, without hesitation.

14. While searching Mr. Thibault, Defendant Wierszewski questioned Mr. Thibault as to why he was shivering, to which Mr. Thibault responded that he was cold because "it was chilly." The temperature was only

approximately twenty-five degrees outside that morning, and Mr. Thibault was not wearing a coat.

15. Mr. Thibault then cooperatively completed every request that Officer Wierszewski asked of him. The test began at 01:49 and lasted until 01:59, and at that point Defendant Wierszewski instructed Mr. Thibault to wait inside the back of the squad car while he searched the truck.

16. At 02:04, while Mr. Thibault's truck was being searched, Defendant Wierszewski's microphone records the following exchange:

| | |
|---|---|
| Wierszewski: | "I'm not happy." |
| Unknown Officer: | "Why?" |
| Wierszewski: | "I want something. There better be something in here…" |

17. After completing the search and finding absolutely no alcohol, illegal substances or weapons, at 02:07 Defendant Wierszewski returned to his squad car and began questioning Mr. Thibault further, without reading him his Miranda rights, asking:

| | |
|---|---|
| Wierszewski: | "What did you take today? What are you on right now?" |
| Thibault: | "Nothing." |
| Wierszewski: | "I'm going to have to disagree with that. The tests that I gave you…you failed those tests. There's an indication that you've taken something today you shouldn't have, so I'm going to have the dog come out and I'm taking you in for operating under the influence." |
| Thibault: | "Okay, but I haven't taken anything, sir." |

5

  Wierszewski:  "Listen, you've taken something today, whether it was prescribed, or not prescribed, you've taken something."

18. At 02:15, Defendant Wierszewski placed handcuffs on Mr. Thibault and told him that he was under arrest for "operating while intoxicated."

19. While being transported back to the station by an unknown officer in squad car "3T2", Mr. Thibault questioned the officer regarding why he was being arrested since he hadn't broken any law. The unknown officer assured him that if he was sober, he would not be charged of committing any crime. The video and audio equipment from this particular squad car happened to not be working that evening, according to the Grosse Pointe Farms Police Department.

20. Once back at the station, at 02:44, Mr. Thibault willingly consented to a breathalyzer test after which an unknown officer administering the test states "all zeros."

21. Although Mr. Thibault was charged with operating while intoxicated, the results of his breathalyzer test showing absolutely no alcohol in his system was left out of the police report and was only learned through Mr. Thibault's defense counsel ordering and watching the booking video.

22. At 02:45 Mr. Thibault was interviewed and questioned by Defendant Wierszewski further, and Mr. Thibault continued to maintain the truth that he was not under the influence of any substances whatsoever. Nevertheless, Defendant Wierszewski began a drug influence evaluation.

23. At 02:49, Officer Wierszewski took Mr. Thibault's pulse and records that it is at 86 beats per minute, well within the normal range of 60-100 bpm. His pulse is taken twice more, both times falling again within the normal range.

24. At 03:04, Mr. Thibault's blood pressure is taken, and is recorded to be 138/92.

25. At 03:26, Officer Wierszewski **finally** reads Mr. Thibault his Miranda rights and begins to question him further:

    | | |
    |---|---|
    | Wierszewski: | "What kind of drugs did you use today?" |
    | Thibault: | "None." |
    | Wierszewski: | "What is the white substance in your nose?" |
    | Thibault: | "There isn't any." |
    | Wierszewski: | "…in your left nostril there was a white substance. What is the white substance?" |
    | Thibault: | "I have no idea. There's nothing. No drugs." |
    | Wierszewski: | "Have you taken anything at all today that would alter your body in the way that it's reacting?" |
    | Thibault: | "No, nothing. No drugs or anything like that." |

26. At 03:28, Officer Wierszewski tried desperately to get Mr. Thibault to confess to drug use, but Mr. Thibault makes no such confession.

27. At 03:29, Officer Wierszewski informed Mr. Thibault that he is going to have to take a blood test to check for drugs, to which Mr. Thibault immediately agreed to, without a second of hesitation. Officer Wierszewski further stated to Mr. Thibault that if he is on any drugs at all, that they will be found on the drug test and Mr. Thibault acknowledged same and said "exactly."

28. At 03:36, Officer Wierszewski read Mr. Thibault his chemical test rights and Mr. Thibault gave immediate consent to taking the test, again, without a second of hesitation.

29. After being booked, Mr. Thibault was then transported to Cottage Hospital and had his blood drawn for the chemical test. Afterwards, he was returned to the jail where he remained until he was released on bond at approximately 08:30.

30. Immediately after being released, Mr. Thibault traveled directly to his employer's drug screening facility, Mercy Memorial – Corporate Connection, to take drug and alcohol screening tests to prove to his employer that despite the OWI charge he was facing, he was in fact, entirely sober and did not have any alcohol or drugs in his system. The

results of these tests confirmed that Mr. Thibault was being entirely honest and truthful with Defendant Wierszewski, as **Mr. Thibault tested negative for any alcohol or illegal substances**.

31. Mr. Thibault's employer, Sygma, has a very strict policy regarding employees who are charged with driving under the influence, being that any employee who is arrested for any type of operating under the influence charge must be immediately terminated.

32. Due to the fact that Mr. Thibault had tested negative for all drugs or alcohol, his boss temporarily bent the rule and allowed him to remain an active employee, but was suspended without pay from the date of the arrest until the date the prosecutor in the criminal case finally agreed to dismiss the charge for lack of evidence, a total of fifty-four days.

33. Due to the suspension from his employer, Mr. Thibault has lost the seniority he had acquired during his course of employment at Sygma, and is now earning far less than he was prior to the arrest, and is forced to work long, sometimes twenty-four hour shifts, as a result of his loss of seniority.

## COUNT I

**Unlawful Arrest under 42 U.S.C. § 1983
and the Fourth and Fourteenth Amendments**

34. Plaintiff incorporates by reference all prior paragraphs of this Complaint as if fully stated herein.

35. By arresting and imprisoning Mr. Thibault where there was virtually no probable cause to do so, the Defendant, acting individually and under the color of law, acted intentionally, maliciously, and with ill will in willful and wanton disregard to Mr. Thibault's rights under the Constitution.

36. Any reasonable person or police officer should have known that such actions were in violation of Mr. Thibault's Constitutional rights, thus the Defendant is not entitled to qualified immunity.

37. As a direct and proximate result of the Defendant's actions, Mr. Thibault suffered injury and damage including, but not limited to, the following:

    a. Lost wages;
    b. Pain, suffering, and emotional distress;
    c. Injuries to his reputation;
    d. Humiliation, mortification and embarrassment;
    e. Post-traumatic stress-disorder, anxiety, and depression; and

 f. Other injuries, damages and/or consequences that are found to be related to the incident that develop or manifest themselves during the course of discovery and trial.

## COUNT II

### Malicious Prosecution under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments

38. Plaintiff incorporates by reference all prior paragraphs of this Complaint as if fully stated herein.

39. Defendant Wierszewski initiated the criminal proceeding against Plaintiff without probable cause, privilege or any other justification.

40. The criminal proceeding ended in Plaintiff's favor.

41. Defendant Wierszewski acted maliciously and as a consequence of the proceeding, Plaintiff suffered a significant deprivation of liberty afforded to him by the Constitution of the United States.

42. As a direct and proximate result of the Defendant's actions, Mr. Thibault suffered injury and damage including, but not limited to, the following:

 g. Lost wages;

 h. Pain, suffering, and emotional distress;

 i. Injuries to his reputation;

j. Humiliation, mortification and embarrassment;

k. Post-traumatic stress-disorder, anxiety, and depression; and

l. Other injuries, damages and/or consequences that are found to be related to the incident that develop or manifest themselves during the course of discovery and trial.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff ALAN THIBAULT respectfully requests that this Honorable Court grant the following relief against the Defendant:

A. Compensatory damages in the amount which is fair, just and reasonable;

B. Punitive damages in an amount to be determined by the Court or at trial which is fair, just, and reasonable based on the intentional, malicious, and willful conduct of the Defendant;

C. Equitable relief, including that this Court may enjoin and order that Defendant be made to adopt appropriate policies to prevent future instances of the type of unlawful practices described herein;

D. Attorney fees, costs of this action, and costs of other actions that may be associated with the events and actions described in this Complaint; and

E. Such other and further relief as this Court may deem equitable, necessary, appropriate, and just.

Respectfully submitted,

1-800-LAW-FIRM, PLLC

/s/ *Ari Kresch*
Ari Kresch (P29593)
Solomon M. Radner (P73653)
Attorneys for Plaintiff
26700 Lahser Rd., Suite 400
Southfield, MI 48033
(248) 291-9719
sradner@1800lawfirm.com

Dated: April 14, 2015

## JURY DEMAND

NOW COMES the Plaintiff ALAN THIBAULT, by and though his attorney SOLOMON M. RADNER and 1-800-LAW-FIRM, PLLC, and hereby requests a trial by jury on all matters before the Court to the extent allowed by law.

          Respectfully submitted,

          1-800-LAW-FIRM, PLLC

          /s/ *Ari Kresch*
          Ari Kresch (P29593)
          Solomon M. Radner (P73653)
          Attorneys for Plaintiff
          26700 Lahser Rd., Suite 400
          Southfield, MI  48033
          (248) 291-9719
          sradner@1800lawfirm.com

Dated: April 14, 2015