UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALAN THIBAULT,

       Plaintiff,

v.

Case No: 2:15-cv-11358
Hon. Matthew F. Leitman

EDWARD WIERSZEWSKI, individually
and in his official capacity as a Public
Safety Officer,

       Defendant.
_____/

| | |
|---|---|
| ARI KRESCH (P29593) | GEORGE M. DeGROOD, III (P33724) |
| SOLOMON M. RADNER (P73653) | MICHELLE A. THOMAS (P35135) |
| 1-800 LAW-FIRM, PLLC | Attorneys for Defendant |
| Attorney for Plaintiff | 400 Galleria Officentre, Suite 550 |
| 26700 Lahser Rd., Suite 400 | Southfield, MI 48034 |
| Southfield, MI 48033 | (248) 353-4450 |
| (248) 291-9712 | gdegrood@thomasdegrood.com |
| sradner@1800LawFirm.com | mthomas@thomasdegrood.com |

_____/

**PLAINTIFF'S RESPONSE BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO PRECLUDE TESTIMONY AT TRIAL OF PLAINTIFF'S OFFERED EXPERT MR. MARTY BUGBEE**

Plaintiff, Alan Thibault ("Plaintiff" or "Mr. Thibault"), by and through his attorney, Solomon M. Radner of 1-800-LAW-FIRM, PLLC moves this Court to DENY Defendant Edward Wierszewski's ("Defendant") Motion to Preclude

i

testimony at trial of Plaintiff's offered expert, for the reasons stated herein this Brief in Opposition.

    Respectfully submitted,

    1-800-LAW-FIRM, PLLC

    */s/ Solomon M. Radner*
    Solomon M. Radner (P73653)
    Attorney for Plaintiff Avigne
    26700 Lahser Rd., Suite 400
    Southfield, MI 48033
    (248) 291-9719

Dated: April 11, 2016

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES……………………………………………………………iv

STATEMENT OF RELEVANT FACTS………………………………….........1

    A. Background……………………………………………………………….1

    B. Procedural History…………………………………………………...3

STANDARD OF REVIEW…………………………………………………...3

ARGUMENT……………………………………………………………………….4

  I.    The expert witness, Mr. Bugbee's, testimony is relevant in determining the central issue of the case……………………………………………...……4

  II.   Mr. Bugbee is a qualified expert witness in the field sobriety tests………...5

  III.  The testimony of Mr. Bugbee is necessary to assist the trier of fact in determining a fact in issue…………………………………………………...7

CONCLUSION……………………………………………………………………8

CERTIFICATE OF SERVICE………………………………………………...11

# TABLE OF AUTHORITIES

**Cases**                                                          **Pages**

Beck v. Ohio, 379 U.S. 89 (1964)………………………………………………….7

Cook v. American S.S. Co., 53 F.3d 733 (6th Cir. 1995)…………………….5

Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579 (1993)……………….3, 4

Hopkins v. Dow Corning Corp., 33 F.3d 1116 (9th Cir. 1994)……………….5

Jones v. Pramstaller, 874 F. Supp. 2d 713 (W.D. Mich. 2012)……………….7

Kumho Tire Co. v. Carmichael, 526 U.S. 137 (1999)……………..………..5, 6

Morales v. Am. Honda Motor Co., 151 F.3d 500 (6th Cir. 1998)………..…3, 5

United States v. Geiger, 303 F. App'x 327 (6th Cir. 2008)…………………..4

**Statute**

42 U.S.C. § 1983…………………………………………………..……..…3, 7

**Rules**

Federal Rule of Evidence 401……………………………………………………4

Federal Rule of Evidence 702………………………………………………3, 5, 6

**Other Authority**

Charles Alan Wright et al.,
 29 Federal Practice & Procedure Evidence § 6264……………………….…7

**STATEMENT OF RELEVANT FACTS**

**A. Background.**

Mr. Thibault is a resident of the state of Michigan. (Compl. ¶1). Defendant was employed as a public safety officer by the Grosse Pointe Farms Police Department during the relevant period pertinent to the Complaint. (Compl. ¶2). On December 5, 2014, while Mr. Thibault was driving a semi-truck during the course of his employment he began to make a left turn onto a public road when he observed what he thought to be a "no trucks" sign. (Compl. ¶¶8 & 9). While correcting his steering to continue on the road he was traveling on, the truck's trailer clipped the middle median. (Compl. ¶9). Mr. Thibault observed police cars traveling the opposite direction make a U-turn, presumably to stop and question him, and therefore activated his hazard lights and slowed the truck to park it on the side of the road. (Compl. ¶10). Thereafter, Defendant and an unknown officer pulled behind Mr. Thibault's truck and activated their emergency lights. (Compl. ¶11). Defendant asked Mr. Thibault to step out of the truck to search the truck for alcohol, drugs and weapons, and to conduct a field sobriety test. (Compl. ¶13). Mr. Thibault cooperated with all the demands of Defendant. (Compl. ¶¶ 12-15). Defendant continued further questioning of Mr. Thibault without reading him his Miranda rights. (Compl. ¶17). Even though Plaintiff passed all sobriety tests and despite no illegal substance being recovered from the truck, Defendant placed

handcuffs on Mr. Thibault and told him that he was under arrest for "operating while intoxicated." (Compl. ¶18).

On the way back to the station, Mr. Thibault asked an unknown officer about the reason for his arrest as he did not break any law. (Compl. ¶19). The unknown officer stated that if he was sober, he would not be charged of committing any crime. (Compl. ¶19). According to the Grosse Pointe Farms Police Department, the video and audio equipment from this particular squad car was not working that evening. (Compl. ¶19). In the police station, Mr. Thibault was subjected to breathalyzer test which read "all zeros." (Compl. ¶20). The results of this breathalyzer test was left out of the police report and Mr. Thibault only learned this through his counsel. (Compl. ¶21). Defendant continued to interview and question Mr. Thibault and a drug influence evaluation was also started. (Compl. ¶22). Mr. Thibault's blood pressure and the pulse, which were taken more than twice, all fell within the normal range. (Compl. ¶¶23 & 24). Thereafter, Mr. Thibault was read his Miranda rights and was questioned further. (Compl. ¶25). Mr. Thibault's blood was taken for chemical testing and he was released on bond. (Compl. ¶29). Immediately after his release, he took a drug and alcohol screening test at his employer's drug screening facility, Mercy Memorial – Corporate Connection to provide to his employer. (Compl. ¶30). Mr. Thibault tested negative for any alcohol or illegal substances in the test results. (Compl. ¶30).

**B. Procedural History.**

On April 14, 2015, Plaintiff filed the complaint alleging unlawful arrest and malicious prosecution under 42 U.S.C. § 1983 and the violation of Fourth and Fourteen Amendments against Defendant. (*See* Compl.). Mr. Marty Bugbee ("Mr. Bugbee") was named as an expert witness by the Plaintiff in this matter to substantiate his claims in the Complaint. (Def.'s Mot. p. 3). Defendant filed the Motion stating that Mr. Bugbee's testimony is irrelevant to the determination and claims that if allowed to be presented before the jury, would invade the province of jury. (Def.'s Mot. p. 3). Defendant also argues that Mr. Bugbee is not qualified as an expert as required by Federal Rule of Evidence 702. (Def.'s Mot. p. 3).

This Response follows.

## STANDARD OF REVIEW

Federal Rule of Evidence 702 "confides to the judge some gatekeeping responsibility in deciding questions of the admissibility of proffered expert testimony." Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 600 (1993). A district court has discretion to admit expert testimony under Rule 702. Morales v. Am. Honda Motor Co., 151 F.3d 500, 520 (6th Cir. 1998). "[T]he trial judge must investigate the competence a particular proffered witness would bring to bear on the issue without relying upon any particular label or fact, and must determine whether it would aid the trier of fact in reaching a decision." Id. at 515.

# ARGUMENT

## I. The expert witness, Mr. Bugbee's, testimony is relevant in determining the central issue of the case.

"Like all evidence, the admissibility of expert testimony is also subject to a determination of relevancy under Rule 401." United States v. Geiger, 303 F. App'x 327, 329 (6th Cir. 2008). "'Relevant evidence' is defined as that which has 'any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.'" Daubert, 509 U.S. at 587 (quoting Rule 401). "The Rule's basic standard of relevance thus is a liberal one." Id. "[T]he testimony's admissibility depends on its relevancy and on whether its probative value outweighs its potential unfair prejudicial effect." Geiger, 303 F. App'x at 330.

Mr. Thibault has alleged unlawful arrest without probable cause and malicious prosecution in violation of his Fourth and Fourteenth Amendment rights. Plaintiff seeks to offer the testimony of Mr. Bugbee to help the jury determine Mr. Thibault's claims in the Complaint regarding whether there was probable cause for Mr. Thibault's arrest. Mr. Bugbee is a police expert having extensive experience in criminal, civil, and internal investigations and is capable and qualified to testify to police procedures. Mr. Bugbee's testimony is both relevant and essential to prove Mr. Thibault's case. Mr. Bugbee's testimony about whether the breathalyzer test

and field sobriety tests conducted by Defendant provided probable cause goes to the heart of the claims made by Mr. Thibault in this case. Thus, Mr. Bugbee's testimony is highly relevant to prove whether Mr. Thibault's arrest was done with probable cause. Moreover, Mr. Bugbee's testimony is reliable on the basis of his qualification and expertise in the field of sobriety tests.

II. **Mr. Bugbee is a qualified expert witness in the field of sobriety tests.**

Federal Rule of Evidence 702 says that "'[i]f scientific, technical, or other specialized knowledge will assist the trier of fact ..., a witness qualified as an expert ... may testify thereto in the form of an opinion.'" Kumho Tire Co. v. Carmichael, 526 U.S. 137, 137 (1999) (quoting FRE 702). "[A] district court is not required to hold a formal hearing to determine whether a person is qualified to be a witness; rather, the court must merely make a determination as to the proposed expert's qualifications." Morales, 151 F.3d at 515 (citing Hopkins v. Dow Corning Corp., 33 F.3d 1116, 1124 (9th Cir. 1994)).

> Whether a proposed witness is qualified to testify as an expert is determined, in part, by examining 'whether the witness's 'knowledge, skill, experience, training, or education,' are such as to qualify him or her to testify as an expert at all, and it may include a determination of the tests or experiments that the proffered expert conducted, if any.'

Id. at 520 (quoting Cook v. American S.S. Co., 53 F.3d 733, 738 (6th Cir. 1995)). Further, Rule 702 "grant[s] all expert witnesses, not just 'scientific' ones, testimonial latitude unavailable to other witnesses on the assumption that the

5

expert's opinion will have a reliable basis in the knowledge and experience of his discipline." Kumho Tire Co., 526 U.S. at 138.

Mr. Bugbee is a qualified expert based on his knowledge and experience as a police officer. He held the position of Michigan State Police Trooper from April 1989 to April 2011. (Transcript Testimony ("Tr.") of Mr. Bugbee, 5:8-16). At the time of retirement he held the rank of a Detective First Lieutenant. (Tr. Mr. Bugbee, 5:17-19). He has been certified as a standard sobriety field test expert and he was a Field Training Officer with the Michigan State Police as well as other police departments. (Tr. Mr. Bugbee, 6:4-6, 11-13). In his capacity as Field Training Officer, Mr. Bugbee had instructed other officers and troopers on field sobriety testing and the arrest process for alcohol enforcement. (Tr. Mr. Bugbee, 6:13-16). He is experienced in teaching field sobriety testing on the basis of Field Training Manual to Field Training Officers. (Tr. Mr. Bugbee, 7:17-21). Before his retirement in 2011, Mr. Bugbee was involved in traffic stops of citizens on the roadway suspected of either erratic driving or operating under influence. (Tr. Mr. Bugbee, 11:14-19). Thus, Mr. Bugbee, is a qualified expert to testify on the basis of his extensive knowledge, skill, experience, training, and education.

Based on the foregoing, Mr. Bugbee is an expert in the field of sobriety tests.

III. **The testimony of Mr. Bugbee is necessary to assist the trier of fact in determining a fact in issue.**

An expert witness's testimony is needed when the jury is in need of an opinion that cannot "be derived from common sense, common experience, [and] the jury's own perceptions, or simple logic.'" Jones v. Pramstaller, 874 F. Supp. 2d 713, 720 (W.D. Mich. 2012) (quoting Charles Alan Wright et al., 29 Federal Practice & Procedure Evidence § 6264). In this case, whether there was probable cause to arrest Mr. Thibault depends on the meaning of the breathalyzer test and field sobriety test results in the context in which Mr. Thibault was arrested. Mr. Bugbee has extensive training in basic and advanced narcotics with the Michigan State Police. (Tr. Mr. Bugbee, 48:13-15). As an expert in the field, his testimony will shed light on whether, given the results of the sobriety tests, "there were sufficient facts and circumstances to warrant a prudent officer to believe that [Mr. Thibault] had committed or was about to commit an offense." Beck v. Ohio, 379 U.S. 89, 90 (1964). Therefore, the import of the Defendant's sobriety testing and Plaintiff's results are something which Mr. Bugbee can provide clarity on, but which a lay jury member would not have a significant background in.

Thus, Mr. Bugbee's testimony will be highly useful to helping the jury determine issues in this case.

## CONCLUSION

WHEREFORE, Plaintiff Alan Thibault respectfully requests this Honorable Court to deny Defendant's Motion in its entirety.

        Respectfully submitted,

        1-800-LAW-FIRM, PLLC

        */s/ Solomon M. Radner*
        Solomon M. Radner (P73653)
        Attorney for Plaintiff Avigne
        26700 Lahser Rd., Suite 400
        Southfield, MI 48033
        (248) 291-9719

Dated: April 11, 2016

## CERTIFICATE OF SERVICE

      Solomon M. Radner hereby states that on April 11, 2016, he caused the foregoing document to be filed electronically with the United States District Court and that a copy of said document was sent to all counsel of record through the ECF system.

        */s/ Solomon M. Radner*
        Solomon M. Radner (P73653)