**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ALAN THIBAULT,

Plaintiff,

Case No: 2: 15-cv-11358
Honorable Matthew F. Leitman

EDWARD WIERSZEWSKI, individually and in his official capacity as a Public Safety Officer,

Defendant.
_______________________________________________/

ARI KRESCH (P29593)
SOLOMON RADNER (P73653)
Attorneys for Plaintiff
26700 Lahser Road, Suite 400
Southfield, Ml48033
(248) 291-9712
sradner@1800LawFirm.com

GEORGE M. DeGROOD, Ill (P33724)
MICHELLE A. THOMAS (P35135)
Attorneys for Defendant
400 Galleria Officentre, Suite 550
Southfield, Ml 48034
(248) 353-4450
gdegrood@thomasdegrood.com
mthomas@thomasdegrood.com
_______________________________________________/

**PLAINTIFF'S RESPONSE TO DEFENDANT EDWARD WIERSZEWSKI'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff, Alan Thibault ("Mr. Thibault"), by and through his attorney, files his Response to Defendant Edward Wierszewski's ("Mr. Wierszewski") Motion for Summary Judgment.

For the reasons stated in his Brief in support, Plaintiff respectfully requests that this court Deny Defendants' Motion for Summary Judgment.

Respectfully submitted,

1-800-LAW-FIRM, PLLC

*/s/ Solomon M. Radner*

Solomon M. Radner (P73653)
Attorney for Plaintiff
26700 Lahser Rd., Suite 400
Southfield, MI 48033
(248) 291-9719

Dated: April 19, 2016

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ALAN THIBAULT,

Plaintiff,

EDWARD WIERSZEWSKI, individually and in his official capacity as a Public Safety Officer,

Defendant.

Case No: 2: 15-cv-11358
Honorable Matthew F. Leitman

______________________________________________________________/

ARI KRESCH (P29593)
SOLOMON RADNER (P73653)
Attorneys for Plaintiff
26700 Lahser Road, Suite 400
Southfield, Ml48033
(248) 291-9712
sradner@1800LawFirm.com

GEORGE M. DeGROOD, Ill (P33724)
MICHELLE A. THOMAS (P35135)
Attorneys for Defendant
400 Galleria Officentre, Suite 550
Southfield, Ml 48034
(248) 353-4450
gdegrood@thomasdegrood.com
mthomas@thomasdegrood.com

______________________________________________________________/

**PLAINTIFF'S BRIEF IN SUPPORT OF RESPONSE TO DEFENDANT EDWARD WIERSZEWSKI'S MOTION FOR SUMMARY JUDGMENT**

*****ORAL ARGUMENT REQUESTED*****

# TABLE OF CONTENTS

TABLE OF AUTHORITIES……………………………………………..……v

CONCISE STATEMENT OF ISSUES PRESENTED……………………..…..vii

STATEMENT OF RELEVANT FACTS………………………………..…….1

STATEMENT OF REVIEW…………………………………………………....3

ARGUMENT…………………………………………………………………..4

I. Defendant's motion for summary judgment should be denied.……………4

A. Defendant is not entitled to the defense of qualified immunity for Plaintiff's unlawful arrest claim.……………………………………4

B. Defendant is not entitled to the defense of qualified immunity for Plaintiff's malicious prosecution claim..……………………………..6

CONCLUSION………………………………………………………………8

CERTIFICATE OF SERVICE…………………………………….…………9

## TABLE OF AUTHORITIES

**Cases** **Pages**

*Anderson v. Creighton*, 483 U.S. 635 (1987)……………………………...………..5

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, (1986)…………………………..3

*Arnett v. Myers*, 281 F.3d 552 (6th Cir.2002)……………………..…………..4

*Cacevic v. City of Hazel Park*, 226 F.3d 483 (6th Cir. 2000)……………………..3

*Calderone v. United States*, 799 F.2d 254 (6th Cir.1986)………………...………4

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)…………………………................3

*Criss v. City of Kent*, 867 F.2d 259 (6th Cir.1988)………………………………..7

*Crockett v. Cumberland Coll.*, 316 F.3d 571 (6th Cir. 2003)…………….............5

*Harris v. Bornhorst*, 513 F.3d 503 (6th Cir. 2008)……………………................4

*Hartman v. Moore*, 126 S.Ct. 1695 (2006)…………………………...…………7

*Hinchman v. Moore*, 312 F.3d 198 (6th Cir. 2002)……………………….............7

*Hunter v. Bryant*, 502 U.S. 224 (1991)…………………………………….............4

*Leonard v. Robinson*, 477 F.3d 347 (6th Cir. 2007)………………….....................7

*Livingston Care Ctr. v. U.S. Dep't of Health & Human Servs.*, 388 F.3d 168 (6th Cir. 2004)………………………………………………………………..…..3

*Michigan v. DeFillippo*, 443 U.S. 31 (1979)………………………………………5

*Newman v. Twp. of Hamburg*, 773 F.3d 769 (6th Cir. 2014)……………………...6

*Pearson v. Callahan*, 555 U.S. 223 (2009)…………………….……………….....6

*Perry v. McGinnis*, 209 F.3d 597 (6th Cir. 2000)……………………………….3

*Rodriguez v. City of Cleveland*, 439 F. App'x 433 (6th Cir. 2011)…………...……7

*Sykes v. Anderson*, 625 F.3d 294 (6th Cir. 2010)…………………………...……5

*Thacker v. City of Columbus*, 328 F.3d 244 (6th Cir.2003)………………………..7

*United States v. McClain*, 444 F.3d 556 (6th Cir.2005)……………………………5

**Statutes** **Pages**

Federal Rules of Civil Procedure 56(c)…………………………………………3

**Other Authorities** **Pages**

W. SCHWARZER, Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact, 99 F.R.D. 465 (1984)……………………....….4

## CONCISE STATEMENT OF ISSUES PRESENTED

ISSUE 1: Can Defendant claim qualified immunity for the unlawful arrest claim of Plaintiff?

ISSUE 2: Can Defendant claim qualified immunity for the malicious prosecution claim of Plaintiff?

## STATEMENT OF RELEVANT FACTS

A. **Background.**

On December 5, 2014, Mr. Thibault was driving a semi-truck in the course of his employment and was on his way to make a delivery. (Compl. ¶8). He began to take a left turn onto Public Road and, upon seeing a sign which he believed to be a "no trucks" sign, Mr. Thibault quickly tried to straighten the truck instead of turning. (Compl. ¶9). While straightening the truck back onto the road he was traveling on, the truck's trailer clipped the middle median. (Id.). Mr. Thibault activated his hazard lights and slowed the truck to park it on the side of the road. (Compl. ¶10). Thereafter, Mr. Wierszewski and an unknown officer pulled behind Mr. Thibault's truck and activated their emergency lights. (Compl. ¶11).

Mr. Wierszewski asked Mr. Thibault to step out of the truck to search the truck for alcohol, drugs and weapons, and to conduct a field sobriety test. (Compl. ¶13). Mr. Thibault cooperated with all the demands of Mr. Wierszewski. (Compl. ¶¶ 12-15). Mr. Wierszewski then proceeded to question Mr. Thibault without reading him his Miranda rights. (Compl. ¶17). Mr. Wierszewski could not recover any controlled substances, nor any alcohol, from Mr. Thibault's truck, but placed handcuffs on Mr. Thibault and told him that he was under arrest for "operating while intoxicated." (Compl. ¶18).

On the way to the station, Mr. Thibault asked an unknown officer the reason for his arrest. (Compl. ¶19). The officer stated that, if he was sober, he would not be charged of committing any crime. (Compl. ¶19). According to the Grosse Pointe Farms Police Department, the video and audio equipment from this particular squad car in which this conversation took place, was not working that evening. (Compl. ¶19). At the station, Mr. Thibault was subjected to a breathalyzer test which read "all zeros." (Compl. ¶20). The results of the breathalyzer test were left out of the police report and Mr. Thibault learned about the results through his counsel. (Compl. ¶21).

Mr. Thibault was further interviewed and questioned after the administration of the breathalyzer test and was also given a drug influence evaluation. (Compl. ¶22). Mr. Thibault's blood pressure and pulse rate were taken more than twice and were within the normal range. (Compl. ¶¶23 & 24). Several hours after his initial arrest, Mr. Thibault was finally read his Miranda rights and was then questioned further. (Compl. ¶25). Mr. Thibault's blood was taken for chemical testing and he was released on bond. (Compl. ¶29). Immediately after his release, Mr. Thibault took a drug and alcohol screening test at his employer's drug screening facility. (Compl. ¶30). The test result was negative for any alcohol or illegal substances. (Compl. ¶30).

**B. Procedural History.**

On April 14, 2015, Plaintiff filed a complaint against Defendant, alleging unlawful arrest and malicious prosecution under 42 U.S.C. § 1983 and the violation of his Fourth and Fourteenth Amendment rights. On March 29, 2016, Defendant filed a Motion for Summary Judgment.

This Response follows.

**STANDARD OF REVIEW**

"[A] motion for summary judgment should be granted only if a party 'show[s] that there is no genuine issue as to any material fact and that [it] is entitled to a judgment as a matter of law.'" *Livingston Care Ctr. v. U.S. Dep't of Health & Human Servs.*, 388 F.3d 168, 172-73 (6th Cir. 2004) (quoting FRCP 56(c)). "'[O]ne of the principle purposes of the summary judgment rule is to isolate and dispose of factually unsupportable claims or defenses ....'" *Id*. (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986)).

Further, "[a] genuine issue for trial exists when there is sufficient 'evidence on which the jury could reasonably find for the plaintiff.'" *Cacevic v. City of Hazel Park*, 226 F.3d 483, 491 (6th Cir. 2000) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). "Summary Judgment is only appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Perry v.*

*McGinnis*, 209 F.3d 597, 600 (6th Cir. 2000) (internal quotation and citation omitted).

"In deciding a motion for summary judgment, the court must view the evidence and draw all reasonable inferences in favor of the non-moving party." *Id*. The moving party has the burden of proof and faces a "substantially higher hurdle" than the non-moving party. *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir.2002). "[H]is [or her] showing must be sufficient for the court to hold that no reasonable trier of fact could find [for] other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir.1986) (quoting W. SCHWARZER, Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact, 99 F.R.D. 465, 487–88 (1984)). If the moving party does not meet that exacting standard, summary judgment must be denied. *Id.*

## ARGUMENT

### I. Defendant's motion for summary judgment should be denied.

#### A. Defendant is not entitled to the defense of qualified immunity for Plaintiff's unlawful arrest claim.

Defendants cannot claim qualified immunity as their arrest of Plaintiff was clearly unlawful. "An arresting agent is entitled to qualified immunity if a reasonable officer could have believed [the] arrest to be lawful, in light of clearly established law and the information the arresting officers possessed.'" *Harris v.*

*Bornhorst*, 513 F.3d 503, 524 (6th Cir. 2008) (quoting *Hunter v. Bryant*, 502 U.S. 224, 227 (1991)). Qualified immunity, however, "cannot be invoked to shield an officer from liability where 'in light of pre-existing law, the unlawfulness' of his conduct was 'apparent.'" *Id*. at 343 (citing *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)). "

"'Probable cause is defined as reasonable grounds for belief, supported by less than prima facie proof but more than mere suspicion.'" *Sykes v. Anderson*, 625 F.3d 294, 306 (6th Cir. 2010) (quoting *United States v. McClain*, 444 F.3d 556, 562 (6th Cir.2005)). Moreover, the court in *Crockett v. Cumberland Coll.*, 316 F.3d 571, 580 (6th Cir. 2003), observed that,

> For a police officer to have probable cause for arrest, there must be "facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing or is about to commit an offense."

*Id*. at 580 (quoting *Michigan v. DeFillippo*, 443 U.S. 31, 37 (1979).

In the present case, Defendant did not have any probable cause to arrest Plaintiff and cannot invoke a probable cause defense. There was no evidence that would lead a reasonable officer to think that a crime was being committed. Defendant relied on Plaintiff's slow speech caused by a slight speech impediment, an unlit cigarette, the fact that Plaintiff's window was down, and his experience to presume that Plaintiff was driving under the influence of drugs. (Edward

Wierszewski Tr. 21:25; 22:1-12). These factors are not probable cause to arrest Plaintiff. Plaintiff's slow speech can easily be explained by the fact that he has had a slight speech impediment since birth and he was trying to be clear in explaining to the officer why he clipped the median. Plaintiff's driving appeared to be "erratic" only because he saw the no trucks sign at the last minute and had to turn abruptly. The other things that Defendant relied on in arresting Plaintiff do not even indicate criminal activity or that Plaintiff was under the influence of any mind altering substance.

Further, in the instant case, three of the sobriety tests conducted by Defendant were not the Standardized Sobriety Test approved by the National Highway Traffic Safety Administration (NHTSA) (Id. at 39:7-19). Moreover, the result of the Preliminary Breath Test (PBT) showed zero alcohol content. (Id. at 46:3-8). Given the scant evidence supporting Defendant's suspicions that Plaintiff was driving under the influence, Defendant lacked probable cause to arrest Plaintiff for driving under the influence of drugs.

**B. Defendant is not entitled to the defense of qualified immunity for Plaintiff's malicious prosecution claim.**

Defendants cannot claim qualified immunity as Plaintiff was clearly prosecuted by Defendant without probable cause. "[A police officer] is entitled to qualified immunity if he did not violate [Plaintiff]'s clearly established

constitutional rights." *Newman v. Twp. of Hamburg*, 773 F.3d 769, 771 (6th Cir. 2014) (citing *Pearson v. Callahan*, 555 U.S. 223, 231, (2009)). "The Fourth Amendment conditions warrants on probable cause and prohibits unreasonable seizures. A police officer violates those restrictions . . . when his deliberate or reckless falsehoods result in arrest and prosecution without probable cause." *Id*. at 771-772.

"[T]he Supreme Court determined that probable cause is an element of a malicious prosecution charge brought as constitutional tort . . . ." *Leonard v. Robinson*, 477 F.3d 347, 355 (6th Cir. 2007) (citing *Hartman v. Moore*, 126 S.Ct. 1695, 1699 (2006)). Thus, "[t]o prevail on . . . a [malicious prosecution] claim, 'it is clear that a plaintiff must show . . . 'that there was no probable cause to justify [his] arrest and prosecution.'" *Rodriguez v. City of Cleveland*, 439 F. App'x 433, 457 (6th Cir. 2011) (quoting *Thacker v. City of Columbus*, 328 F.3d 244, 259 (6th Cir.2003)). "[P]robable cause to arrest and prosecute is based on the 'facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person . . . in believing . . . that the suspect has committed, is committing, or is about to commit an offense.'" *Hinchman v. Moore*, 312 F.3d 198, 204 (6th Cir. 2002) (quoting *Criss v. City of Kent*, 867 F.2d 259, 262 (6th Cir.1988)).

In the present case, there was no probable cause for Defendant to arrest and prosecute Plaintiff. Plaintiff was cooperative during the search and also cooperated

for all of the field sobriety tests administered by Defendant. According to Plaintiff's expert, Marty Bugbee, a former Michigan State Police Training Division Instructor, Plaintiff did not fail any of the field sobriety tests administered by Defendant (See Defendant's Doc. No. 13-3, Deposition Transcript of Marty Bugbee). Furthermore, Defendant acted willfully and maliciously by arresting Plaintiff without probable cause and even told his fellow officer in an exchange recorded by the lapel microphone Defendant was wearing:

> Wierszewski: "I'm not happy."
> Unknown Officer: "Why?"
> Wierszewski: "I want something. There better be something in here…"

(Compl. ¶16 and Defendant's Doc. 12-5; page 14; 5-25) Plaintiff possesses the audio recording of this exchange as well as a video recording of Plaintiff's entire arrest which will be produced at the hearing on this Motion. In a separate video which will also be produced at the hearing on Defendant's Motion, also in Plaintiff's possession, once back at the police station in the booking room, Defendant aggressively questioned Plaintiff, without first mirandizing him, asking a series of questions about what kind of substance he had taken, all of which Plaintiff had previously answered at the scene of the arrest with the same response: "none". Defendant accused Plaintiff of lying to him and threatened to bring a drug-

detecting K-9 officer to search him, to which Plaintiff replied, "Okay but I haven't taken anything, sir." (Compl. ¶17) Defendant even claimed that there was a white substance in Plaintiff's nose, but as noted during his deposition, Defendant admitted that he did not attempt to retrieve any such substance for crime lab testing (Edward Wierszewski Tr. 57:24-25; 58:1-17). The reason Defendant did not attempt to retrieve any substance from Plaintiff's nose is because none existed. In fact, in an effort to prove to his employer that he was in fact completely sober, Plaintiff immediately upon his release from the police station, went to his employer's drug screening facility and took a urine drug screening test which tested for cocaine, marijuana, amphetamines, opiates, PCP and alcohol in which the test revealed negative results for all of these substances. If Plaintiff did in fact ingest some type of controlled substance that evening, he surely would not have passed this drug test. Furthermore, the state's crime lab also performed a much more extensive drug test of Plaintiff's blood collected within an hour or so of the time he was arrested, for the same substances and several others. This test also resulted in completely negative results for all substances.

Therefore, it is clear that Defendant acted maliciously by arresting Plaintiff without any shred of probable cause to prosecute Plaintiff and cannot claim a defense of qualified immunity.

## CONCLUSION

WHEREFORE, Plaintiff Alan Thibault respectfully requests this Honorable Court to DENY Defendant's Motion in its entirety.

Respectfully submitted,

1-800-LAW-FIRM, PLLC

*/s/ Solomon M. Radner*
Solomon M. Radner (P73653)
Attorney for Plaintiff
26700 Lahser Rd., Suite 400
Southfield, MI 48033
(248) 291-9719

Dated: April 19, 2016

**CERTIFICATE OF SERVICE**

Undersigned hereby affirms that on the 19th day of April, 2016, he caused the foregoing document to be filed electronically with the United States District Court and that a copy of said document was sent to all counsel of record through the ECF system.

*/s/ Solomon M. Radner*
Solomon M. Radner (P73653)

Dated: April 19, 2016