UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALAN THIBAULT,

    Plaintiff,

v.

EDWARD WIERSZEWSKI,

    Defendant.
_____/

Case No. 15-cv-11358
Hon. Matthew F. Leitman

# ORDER GRANTING DEFENDANT'S MOTION TO STAY PROCEEDINGS (ECF #35)

In this action, Plaintiff Alan Thibault alleges that Defendant Edward Wierszewski violated the Fourth Amendment by arresting him without probable cause and by maliciously prosecuting him. (*See* Compl., ECF #1.) Wierszewski moved for summary judgment on the basis of qualified immunity. (*See* ECF #12.) The Court granted that motion in part and denied it in part in an Amended Opinion and Order dated June 24, 2016. (*See* ECF #29.) Specifically, the Court granted Wierszewski summary judgment with respect to Thibault's malicious prosecution claim but denied summary judgment with respect to the arrest-without-probable-cause claim. (*See id.* at Pg. ID 812.)

Wierszewski thereafter appealed this Court's ruling to the United States Court of Appeals for the Sixth Circuit. (*See* ECF #30.) That court dismissed the appeal for lack of jurisdiction in an Opinion dated June 9, 2017. (*See* ECF #33).

1

On August 4, 2017, Wierszewski filed a motion in this Court in which he requested a stay of proceedings while he files a petition for a writ of certiorari in the United States Supreme Court. (*See* ECF #35.) Wierszewski seeks a stay "pending a final determination on appeal by the U.S. Supreme Court and/or Sixth Circuit Court of Appeals [in the event the Supreme Court remands the matter to that court]." (*Id.* at Pg. ID 905.)   Thibault opposes the requested stay. (*See* ECF #36.)

As Thibault concedes (*see id.* at Pg. ID 909), "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). A district court therefore has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997).

Wierszewski's requested stay is an appropriate exercise of this "broad discretion." Most importantly, the stay should be relatively limited in time. Wierszewski has represented to the Court that he will file his petition with the Supreme Court before October 11, 2017, and that the Supreme Court will likely act on that petition before the end of the year. (*See* ECF #35 at ¶¶ 10-11, Pg. ID 904.) Thus, the Court and the parties will know in a relatively short period whether the Supreme Court will review the case or whether the case will return to this court. Moreover, if Wierszewski were to prevail in the Supreme Court, or in the Sixth

Circuit if the Supreme Court reversed that court's ruling and remanded for reconsideration of Wierszewski's appeal, that would likely resolve this action and render any further action by this Court moot. Accordingly, the Court concludes that the best use of judicial resources is to stay this action for a short period of time while Wierszewski pursues appellate review in the United States Supreme Court.

Accordingly, for the reasons stated above, Wierszewski's motion to stay proceedings (ECF #35) is **GRANTED**. After the Supreme Court issues its ruling on Wierszewski's petition for certiorari, the Court will set a telephonic status conference in order to discuss whether the stay should be lifted at that time.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: October 4, 2017

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 4, 2017, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764